# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THERESA BROOKE, | ) | Case No.: 1:17-cv-01640 - LJO-JLT |
| Plaintiff, | )<br>) | ORDER VACATING THE HEARING DATE OF AUGUST 15, 2018 |
| v. | ) | |
| PADRE HOTEL, LP, | )<br>) | ORDER DENYING PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT |
| Defendant. | )<br>) | (Doc. 56) |

Theresa Brooke asserts the Padre Hotel has violated Title III of the Americans with Disabilities Act by failing to have a passenger loading zone that complies with the 2010 Standards of Accessible Design. (Doc. 1) Plaintiff seeks leave to amend under Rule 15 of the Federal Rules of Civil Procedure, to add a claim concerning the availability of suites and corner rooms at the Padre Hotel, asserting the hotel offers "only basic rooms that are ADA accessible." (Doc. 11 at 3)

The Court finds the matter is suitable for decision without oral arguments, and the motion is taken under submission pursuant to Local Rule 230(g). Accordingly, the hearing date of August 15, 2018 is **VACATED**. Because Plaintiff fails to demonstrate good cause for the amendment as required by Rule 16 of the Federal Rules of Civil Procedure, the motion to amend is **DENIED**.

## I.    Background and Procedural History

Plaintiff is "legally disabled, confined to a wheel chair, and is therefore a member of a protected class under the ADA." (Doc. 1 at 1, ¶ 1) Plaintiff, a resident of Arizona, is an "avid traveler[] to

1

California," and visited the state "numerous times this year." (*Id.*, ¶¶ 1, 10)

She asserts that in early December 2017, she visited Bakersfield, California "and went to Defendant's hotel to book a room." (Doc. 1 at 3, ¶11) According to Plaintiff, "When she pulled up to the passenger loading zone – the area directly outside the lobby – there was a six-inch curb along the entire length of the loading zone." (*Id.*) Plaintiff reports that "[s]he cannot navigate such a curb in her wheelchair." (*Id.*) In addition, Plaintiff asserts there was not a "car-length disability access aisle, e.g. a cut-out in the curb, through which she could gain access to the lobby from the passenger loading zone." (*Id.*) She reports that instead, there was "a very small cut-out at the end of the loading zone, which was blocked by a car preventing her entry." (*Id.*) As a result, "Plaintiff did not book a room, left, and stayed elsewhere." (*Id.* at 4, ¶ 11)

Plaintiff alleges she "has frequented Bakersfield in the past and intends to travel there again in the near future." (Doc. 1 at 4, ¶15) She asserts that she would "lodge at Defendant's hotel [for an upcoming trip] if Defendant removes the barriers at issue." (*Id.*, ¶16)

Based upon these facts, Plaintiff filed a complaint on December 7, 2017, in which she alleged that the hotel owners are liable for violations of Title III of the Americans with Disabilities Act of 1990; California's Unruh Civil Rights Act, Cal. Civil Code §§ 51, 52; and California Disabled Persons Act, Cal. Civil Code §§ 54-54.3. (Doc. 1 at 5-10) Plaintiff seeks "a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendant to take all steps necessary to bring its passenger loading zone into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the passenger loading zone is fully accessible to, and independently usable by, disabled individuals." (*Id.* at 10, ¶ 39(b)) Defendant filed its answer to the complaint on January 10, 2018. (Doc. 4)

On May 4, 2018, the Court held a Scheduling Conference. (Doc. 10) Plaintiff failed to appear for the Scheduling Conference. (*See* Doc. 10 at 2) Nevertheless, the Court issued the case schedule which set deadlines governing the action. In the order, the Court informed the parties that "[a]ny requested pleading amendments …[were] to be filed, either through a stipulation or motion to amend, no later than **June 15, 2018**." (*Id.*, emphasis in original) Further, the Court informed the parties that "**[n]o motion to amend or stipulation to amend the case schedule will be entertained unless it is**

1 **filed at least one week before the first deadline the parties wish to extend**." (*Id.* at 3, emphasis in original)

"On July 1, 2018, Plaintiff's counsel provided Defendant's counsel with notice of the new ADA violation and requested that Defendant consent to the filing of an amended pleading," within two days. (*See* Doc. 13 at 1; Doc. 13-1 at 1) Defendant's counsel did not respond to the e-mail request. (*Id.*)

On July 7, 2018, Plaintiff filed the motion to amend her complaint now pending before the Court. (Doc. 11) Defendant filed a statement of non-opposition on August 1, 2018. (Doc. 12) Plaintiff then filed a request for Defendant to be sanctioned for "forcing Plaintiff to seek relief with the Court." (Doc. 13 at 1)

## II.     Legal Standards

Districts courts must enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). In addition, scheduling orders may "modify the timing of disclosures" and "modify the extent of discovery." Id. Once entered by the court, a scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). As such, a scheduling order is "the heart of case management." *Koplove v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986).

Further, scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson*, 975 F.2d at 610 (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Maine 1985)). Good cause must be shown for modification of the scheduling order. Fed. R. Civ. P. 16(b)(4). The Ninth Circuit explained:

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. Although existence of a degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for modification.

*Johnson*, 975 F.2d at 609 (internal quotation marks and citations omitted). Therefore, parties must "diligently attempt to adhere to the schedule throughout the course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). The party requesting modification of a scheduling order has the burden to demonstrate:

> (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, and (3) that she was diligent in seeking amendment of the Rule 16 order, once it become apparent that she could not comply with the order.

*Id.* at 608 (internal citations omitted). If the Court finds the moving party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

### III. Discussion and Analysis

As an initial matter, Plaintiff brings her motion to amend "pursuant to Rules 15(a) and 15(d), Federal Rules of Civil Procedure." (Doc. 11 at 1) However, the Scheduling Order set forth a pleading amendment deadline of June 15, 2018. (Doc. 10 at 1, 2) The current motion was not filed until July 7, 2018. (Doc. 12) Thus, Plaintiff is required to demonstrate good cause under Rule 16 for filing an amended pleading out-of-time. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal amendment standard of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired). Accordingly, the Court examines Plaintiff's diligence to determine whether amendment of the scheduling order is proper.

Plaintiff contends, "The grounds for this Motion are that in Plaintiff's attempt to schedule a return visit to Defendant's hotel, Plaintiff discovered an additional ADA violation that she cannot overlook and which must be remediated along with the passenger loading zone violations alleged in the Doc. 1 Complaint." (Doc. 11 at 1-2) Specifically, Plaintiff alleges that she "attempted to book a room on Defendant's website," at which time she learned "Defendant does not offer suites or other room-types that are available to other guests." (*Id.* at 3) She explains that the Pare Hotel "only offers basic rooms that are ADA accessible, but it does not offer many other room choices including 'Head Honcho Suites' and 'Corner Pocket' rooms, both of which are larger and offer more amenities." (*Id.*) Plaintiff

4

asserts that she "confirmed this unavailability of suites and corner rooms via Defendant's website and by telephoning Defendant." (*Id.* at 3)

Significantly, Plaintiff makes no effort to demonstrate the Rule 16 factors related to seeking to amend the pleading amendment deadline. Likewise, she fails to allege when she attempted to schedule another visit to the Padre Hotel, or when she learned that the accessible rooms offered did not include "Head Honcho Suites" or "Corner Pocket" room styles. The Court cannot speculate as to when this occurred and, though it appears counsel acted swiftly upon learning the information from the plaintiff, the failure to provide this information precludes the Court from concluding the plaintiff was diligent in seeking leave to amend the complaint. Notably, Plaintiff was aware and foresaw that there could be other barriers at the come location. In the Joint Scheduling Report, Plaintiff asserted: "In the event that Plaintiff discovers other ADA violations during the discovery process or through an expert inspection, Plaintiff will ask for leave to amend the Complaint." (Doc. 6 at 4) Despite being aware of the deadline to file an amended pleading, Plaintiff failed to act diligently to do so and fails to even acknowledge the expiration of the deadline in her motion to amend.

Even where an ADA plaintiff "stated his intention to amend his complaint to allege the existence of additional architectural features at the store which violated the ADA," the plaintiff has an obligation to comply with the pleading amendment deadline ordered by the Court. *See Morales v. Ralphs Grocery Co., 2012 U.S. Dist. LEXIS 174152* at *16 (E.D. Cal. Dec. 6, 2012) (citing Oliver v. Ralphs Grocery Co., 654 F.3d 903, 906 (9th Cir. 2011). In *Oliver,* the plaintiff filed a motion to amend the complaint to identify additional barriers after the pleading amendment deadline, and the district court found the plaintiff failed to show good cause as required pursuant to Federal Rule of Civil Procedure 16(b). *Id.*, 654 F.3d at 906. The Ninth Circuit did not disturb this ruling on appeal, where the plaintiff argued the court should have considered the additional barriers in reviewing the merits of a motion for summary judgment. *See id.* at 906-07.

Because Plaintiff has established that the additional barriers "could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference" or that she was diligent in seeking leave to amend the complaint. *See Jackson*, 186 F.R.D. at 608. Indeed, Plaintiff failed to appear at the conference, and "a party who fails to assist the Rule 16 scheduling judge in 'fashioning

workable programmatic procedures' must 'bear the reasonably foreseeable consequences for [her] failure to do so.'" *Jackson*, 186 F.R.D. at 607 (quoting *In re San Juan Dupont, In re San Juan Dupont Plaza Hotel Fire Litig.*, 111 F.3d 220, 227-28 (1st Cir. 1997)). Consequently, the Court finds Plaintiff failed to act with diligence in seeking leave to file an amended complaint.

### IV. Conclusion and Order

Plaintiff fails to demonstrate good cause for modifying the Scheduling Order under Rule 16. Accordingly, the Court exercises its discretion to deny Plaintiff's motion to amend the complaint. *See Swanson*, 87 at 343; *Johnson*, 975 F.2d at 609.

Based upon the foregoing, the Court **ORDERS**:

1. The hearing date of August 15, 2018 is **VACATED**;
2. Plaintiff's motion to amend the complaint (Doc. 11) is **DENIED**; and
3. Plaintiff's request for sanctions (Doc. 13) is denied as **MOOT**.

IT IS SO ORDERED.

Dated: **August 7, 2018**      /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE